## George E. Cole & Company, Defendant in Error, v. Brad= ley & Vrooman Company, Plaintiff in Error.

## Gen. No. 15,697.

MUNICIPAL COURT—*when judgment not disturbed.* A judgment of the Municipal Court will not be set aside as against the evidence if the Appellate Court is not satisfied that the finding was clearly against the weight thereof.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 5, 1911.

GARDNER, STERN & ANDERSON, for plaintiff in error.

HARVEY T. FLETCHER, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The judgment of $121.50, to reverse which this writ of error to the Municipal Court of Chicago was sued out by the plaintiff in error, the Bradley & Vrooman

Geo. E. Cole & Co. v. B. & V. Co., 163 Ill. App. 356.

Company, was obtained by George E. Cole & Company, the defendant in error, in a suit brought by it for work done and materials furnished in preparing and printing 30,000 folders describing, illustrating and advertising a finishing varnish called Perma-Lac. George E. Cole & Company is a corporation doing a printing and stationery business, and the Bradley & Vrooman Company are manufacturers of paints, varnishes and similar preparations.

It was not denied by the plaintiff in error, the defendant below, that the work in question was done and the materials furnished at the request of the plaintiff in error, as alleged by the defendant in error, plaintiff below, in its statement of claim. The defense was based entirely on the contention that the work was not performed in a workmanlike manner. The defendant alleged that because of this shortcoming in the manner of performance, the ink which the plaintiff used and put on the paper furnished by the defendant came off of said paper and spoiled the printed matter appearing on said paper, making the printed matter worthless to the defendant and causing it to lose the value of the paper furnished and of certain labor performed by the defendant in preparing the said paper for the job and in finishing the folders for use after their delivery by the plaintiff. These losses, the defendant computed at $173.06, for which amount it claimed a judgment against the plaintiff in set-off.

The matter at issue was and is purely one of fact. Of course, it is the law that a job like this must be done in a workmanlike manner to entitle the plaintiff, in the absence of some other controlling circumstances, to recover a stipulated price or to defend successfully against such a set-off as is claimed here; but the controversy in this case is over the question whether this job was done in a workmanlike manner. There is no doubt that the defendant was disappointed in the results, and that the Ruxton's Light Reflection

Blue Ink, with which the folders were covered in the peculiar process of printing desired and obtained, "rubbed off" to some extent when the papers were creased and folded. Whether this was properly called an "off-set" is not material. The ink used, however, was that ordered and provided for by the contract, and whether it could be used on this job and retain the color effect called for in specifying "Light Reflection Blue" and make a workmanlike job in other respects, in connection with any preparation or amount of "dryer," is the question at issue between the expert witnesses who testified. On the answer to that question apparently depended the decision whether or not the job was done in a workmanlike manner.

The evidence of the experts was conflicting. It would be useless to repeat it or discuss it here. We have read and re-read it. As there seems no doubt that all the parties and witnesses in this litigation were in good faith, the question of fact is not entirely easy of solution, but we are not satisfied that the finding and judgment were clearly against the weight of the evidence, and the judgment of the Municipal Court is therefore affirmed.

*Affirmed.*